IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RODERICK CREAG, SR. | § | |
| VS. | § | CIVIL ACTION NO. 9:18cv106 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Roderick Creag, Sr., an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this Court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that a motion to dismiss filed by the respondent be granted and this petition dismissed as barred by the applicable statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleading and the applicable law.

The Magistrate Judge concluded this petition was filed after the applicable period of limitations expired. Petitioner does not contest this conclusion. The Magistrate Judge further concluded petitioner was not entitled to equitable tolling. The Magistrate Judge found petitioner had not pursued his habeas remedies with sufficient diligence and alacrity.

The statute of limitations may be equitably tolled in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only available if: (1) the petitioner diligently pursued his rights; and (2) extraordinary circumstances prevented timely filing. *Id*. Equitable tolling is "a discretionary doctrine that turns on the facts and circumstances of a particular case." *Fisher v.*

*Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). To be entitled to equitable tolling, a petitioner need only exercise "reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653.

Petitioner filed a state application for writ of habeas corpus on September 16, 2015. The Texas Court of Criminal Appeals denied the application on November 11, 2015. However, petitioner did not receive notice of the denial. On March 6, 2018, almost 30 months after the application was filed, petitioner inquired about the status of the application. He was subsequently informed the state application had been denied. The Magistrate Judge concluded that by waiting more than seven months to file his state application, and by waiting almost 30 months to inquire as to its status, petitioner failed to exercise reasonable diligence.

Petitioner contends he exercised proper diligence in pursuing his habeas remedies. He states he trusted that he would receive notice of the denial of his state application in a timely fashion. He also states that his work schedule in prison made it difficult for him to conduct legal research.

The court agrees with the Magistrate Judge's conclusion. In a recent case, the United States Court of Appeals for the Fifth Circuit held that a petitioner who inquired at to the status of his state application 15 months after filing his application, and sent a follow-up inquiry five months later, had exercised reasonable diligence. *Jackson v. Davis*, 933 F.3d 408, 413. In the case now before the court, however, petitioner waited almost twice as long as the petitioner in *Jackson* before making his inquiry. The Fifth Circuit has found that a petitioner who, like the current petitioner, waited 30 months before inquiring as to the status of his petition did not exercise reasonable diligence. *Lewis v. Cockrell*, 2001 WL 1267701, at *3 (5th Cir. Oct. 15, 2001). Moreover, difficulty in conducting legal research does not entitle a petitioner to equitable tolling. *Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2013) (citing *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). The court therefore agrees that petitioner is not entitled to equitable tolling.

## ORDER

For the reasons set forth above, petitioner's objections are without merit and are therefore **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and

the report of the Magistrate Judge is **ADOPTED** as the opinion of the court. The motion to dismiss is **GRANTED**. A final judgment shall be entered dismissing the petition in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability in this matter. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate that he would prevail on the merits. Rather, he must demonstrate that the issues he raised are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether his petition is barred by the applicable statute of limitations is subject to debate among jurists of reason. The factual and legal issues raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worth of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**So Ordered and Signed**

**Sep 16, 2019**

_____
Ron Clark, United States District Judge